UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NANETTE NICHOLS, on behalf of herself and all others similarly situated,

   Plaintiff,

v.             Case No: 2:13-cv-848-FtM-38CM

LABORATORY CORPORATION OF AMERICA,

   Defendant.
_____/

## ORDER[1]

This matter comes before the Court on Defendant Laboratory Corporation of America's Motion to Dismiss Count II of Plaintiff's Class and Collective Action Complaint (Doc. #9) filed on February 4, 2014. Plaintiff Nanette Nichols' Response in Opposition (Doc. #13) was filed on February 12, 2014. Thus, the Motion is ripe for review.

## BACKGROUND

On December 4, 2013, Plaintiff Nanette Nichols ("Nichols") initiated this action by filing a four-count Class and Collective Action Complaint on behalf of herself and all others similarly situated. (Doc. #1). The Complaint alleges that Defendant Laboratory Corporation of America ("LabCorp") violated the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"), and the Florida Constitution, Fla. Const. art. X, § 24(c), by failing to

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

pay Plaintiff and other similarly situated Patient Service Center Supervisors the full minimum wages and overtime wages due to them.

Defendant is an enterprise engaged in operating a laboratory including services to the general public. Plaintiff worked for Defendant as a Patient Service Center Supervisor from February 2005 until April 2013. The proposed class members also worked for Defendant in the State of Florida during the five years preceding this action. Plaintiff alleges that she and similarly situated Patient Service Center Supervisors performed non-exempt laborer jobs and were paid an hourly rate for their work. The Complaint alleges that Defendant failed to keep accurate time and pay records and failed to pay Plaintiff and those similarly situated for all hours worked, including overtime. Plaintiff alleges that Defendant's conduct demonstrates a common policy of not paying Patient Service Center Supervisors for all hours worked.

Plaintiff brings Counts I and III for violations of the FLSA (unpaid minimum wages and unpaid overtime wages). Plaintiff alleges that Defendants violated the FLSA by willfully failing to pay Plaintiff and other Patient Service Center Supervisors the full minimum wage required by 29 U.S.C. § 206. Furthermore, Plaintiff alleges that she and similarly situated employees regularly worked overtime, but were not paid one and a half times their regular compensation for the same. Plaintiff also alleges that Defendant failed to keep accurate time records regarding overtime work as required by the FLSA, and that because of Defendant's conduct, she and similarly situated employees have suffered damages in the loss of minimum wages and overtime compensation.

Plaintiff brings Count II for violation of the Florida Constitution, Fla. Const. art. X, § 24. Plaintiff alleges that while employed by Defendant, she and other Patient Service

Center Supervisors were entitled to be paid the applicable minimum wage for each hour worked. Plaintiff alleges Defendant violated the Florida Constitution's minimum wage provision by failing to pay the full applicable minimum wage to Plaintiff and other Patient Service Center Supervisors. Plaintiff alleges that she routinely complained to her superiors about Defendant's pay practices, but Defendant did not alter its practices. As a result of Defendant's alleged willful and deliberate underpayment, Plaintiff and similarly situated Patient Service Center Supervisors claim damages in the amount of lost minimum wages.

Plaintiff brings Count IV for declaratory relief regarding Defendant's failure to pay minimum wages and overtime compensation to Plaintiff and all class members. Plaintiff alleges that she is entitled to the full minimum wage required pursuant to 29 U.S.C. § 206, and an equal amount of liquidated damages. The Complaint alleges that Defendant did not rely upon a good faith defense in its decision not to pay employees for all hours worked and that it is in the public interest to have declarations of the employees' rights recorded because Defendant still employs Patient Service Center Supervisors subject to the policies at issue.

Defendant moves to dismiss Count II of Plaintiff's Complaint, brought under the Florida Constitution, pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim as required by Fed. R. Civ. P. 8.

## STANDARD OF REVIEW

Rule 8 requires that a pleading state a claim "showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). There must be a cause of action recognized by the law under which a plaintiff may bring his claim; "[s]o, when allegations in a complaint,

however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 558, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting 5 Wright & Miller § 1216, at 233-34) (internal quotations omitted). Thus, the facts as pled must state a claim for relief that is plausible on its face. Sinaltrainal v. Coca-Cola Co., 578 F. 3d 1252, 1268 (11th Cir. 2009) (citing Ascroft v. Iqbal, 556 U.S. 662, 677, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Bedasee v. Fremont Inv. & Loan, No. 2:09-cv-111-FtM-29SPC, 2010 WL 98996, at *1 (M.D. Fla. Jan. 6, 2010) (citing Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007)); Christopher v. Harbury, 536 U.S. 403, 406, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Engineering, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008) (citing Twombly, 550 U.S. at 555-56). The former rule—that "[a] complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief," La Grasta v. First Union Securities, Inc., 358 F.3d 840, 845 (11th Cir. 2004)—has been retired by Twombly. James River Ins. Co., 540 F.3d at 1274. Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 129 S. Ct. at 1950.

Dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Bedasee, 2010 WL 98996, at *1 (citing Neitzke v. Williams, 490 U.S. 319, 326, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)); Brown v. Crawford County, 960 F.2d 1002, 1009-10 (11th Cir. 1992).

## **DISCUSSION**

Article X, Section 24 of the Florida Constitution, which is the grounds upon which Plaintiff's second cause of action lies, states: "Employers shall pay Employees Wages no less than the Minimum Wage for all hours worked in Florida. . . . Persons aggrieved by a violation of this amendment may bring a civil action in a court of competent jurisdiction against an Employer or person violating this amendment." Fla. Const. art. X, § 24. Subsection (f) of Section 24 provides that implementing legislation is not required to enforce the constitutional provision but that the "state legislature may by statute . . . adopt any measures appropriate for the implementation of this amendment." Id., § 24(f). Accordingly, on December 12, 2005, the Florida legislature passed the Florida Minimum Wage Act, Fla. Stat. § 448.110 ("FMWA"), to "provide measures appropriate for the implementation of s. 24, Art. X of the State Constitution." Fla. Stat. § 448.110(2). In doing so, the Florida legislature established the exclusive remedial vehicle for Florida minimum wage claims pursuant to the FMWA. Fla. Stat. § 448.110(10) ("This section shall constitute the exclusive remedy under state law for violations of s. 24, Art. X of the State Constitution.").

Suits brought pursuant to the FMWA must comply with the statute's pre-suit notice requirements. The FMWA requires that prior to bringing a claim for unpaid

5

wages pursuant to Fla. Stat. § 448.110, an aggrieved person must notify the employer in writing of an intent to initiate the action. Fla. Stat. § 448.110(6)(a). "The notice must identify the minimum wage to which the person aggrieved claims entitlement, the actual or estimated work dates and hours for which payment is sought, and the total amount of alleged unpaid wages through the date of the notice." Id. The FMWA provides the employer with fifteen (15) days after receipt of the notice to pay the total amount of unpaid wages or otherwise settle the dispute, and if the employer fails to do so, the aggrieved person may then bring suit. Fla. Stat. § 448.110(6)(b). Failure to comply with the FMWA's pre-suit notice requirement will result in dismissal of the claim. See e.g., Garcia-Celestino v. Ruiz Harvesting, Inc., No. 2:10-cv-542-FtM-38DNF, 2013 WL 3816730, at *17 (M.D. Fla. July 22, 2013); Villafana v. Feeding South Florida, Inc., No. 13-60760-CIV, 2013 WL 2646729, at *5 (S.D. Fla. June 12, 2013); Gomez v. Kern, No. 12-20622-Civ, 2012 WL 1069186, at *2 (S.D. Fla. Mar. 29, 2012).

Florida courts are split on the issue of whether plaintiffs who have filed suit under Article X, Section 24 must nonetheless comply with the FMWA's notice requirement. Plaintiff urges this Court to follow Throw v. Republic Enterprise Systems, Inc., No. 8:06-cv-724-T-30TBM, 2006 WL 1823783 (M.D. Fla. June 30, 2006), and Bates v. Smuggler's Enterprises, Inc., No. 2:10-cv-136-FtM-29DNF, 2010 WL 3293347 (M.D. Fla. Aug. 19, 2010), which concluded that the FMWA's pre-suit notice requirement prohibitively restricts a "constitutional right directly enforceable in a court of law by an aggrieved party with no requirement that notice be given." Throw, 2006 WL 1823783, at *2. This line of cases holds that a plaintiff may bring suit for unpaid minimum wages either directly under the Florida Constitution—which contains no notice requirement—or

under the FMWA—which requires pre-suit notice. See Throw, 2006 WL 1823783; Bates, 2010 WL 3293347.

In Garcia-Celestino, 2013 WL 3816730, at *16, this Court declined to follow Throw and Bates because "construing the FMWA and the Amendment, as the Bates court did, to provide separate causes of action—one with a notice requirement and one without—ignores the purpose of the FMWA as an implementing legislation to the Amendment." Garcia-Celestino, 2013 WL 3816730, at *17. The Florida Supreme Court has stated that:

> [T]he Legislature may provide additional law addressing a self-executing constitutional scheme assuming that such laws supplement, protect, or further the availability of the constitutionally conferred right, but the Legislature may not modify the right in such a fashion that it alters or frustrates the intent of the framers and the people.

Browning v. Fla. Hometown Democracy, Inc., PAC, 29 So. 3d 1053, 1064 (Fla. 2010). As Article X, Section 24 is a self-executing constitutional scheme, the Court looks to whether Fla. Stat. § 448.110(6) frustrates the intent of the constitutional amendment. The FMWA provides employers and employees with a method to quickly resolve disputes without resorting to the filing of a lawsuit. The constitutional amendment expressly authorizes the legislature to enact enforcement legislation, and the FMWA does so without sacrificing judicial economy. It also furthers the statute's public policy section by ensuring both that employers are protected from "unfair low-wage competition," Fla. Const. art. X, § 24(a), and that employees are "paid a minimum wage that is sufficient to provide a decent and healthy life for them and their families." Fla. Const. art. X, § 24(a). Thus, the FMWA's notice requirement does not frustrate the intent of the constitutional scheme. Furthermore, this Court is obligated to "construe a


statute in such a way as to render it constitutional if there is any reasonable basis for doing so." Aldana v. Holub, 381 So. 2d 231, 237-38 (Fla. 1980).

Therefore, any person alleging a violation of Fla. Const. art. X, § 24, must do so through the lens of the FMWA because the Florida Constitution does not create an independent constitutional right to bring suit to recover unpaid minimum wages. See Garcia-Celestino, 2013 WL 3816730 at *16 ("In effect, the legislature has regulated the method of the Amendment's enforcement as it is expressly authorized to do by the constitutional provision."); see also Resnick v. Oppenheimer & Co., Inc., No. 07-80609-CIV, 2008 WL 113665, at *1-3 (S.D. Fla. Jan. 8, 2008) (holding that because the FMWA does not prevent an individual from enforcing his rights under the Florida Constitution, the FMWA's notice requirement is binding and enforceable on plaintiffs alleging violation of the constitutional amendment). "Allowing a cause of action to proceed under the Amendment without meeting the notice requirement renders Section 448.110(10) and the FMWA meaningless." Id. Thus, any claim brought pursuant to Fla. Const. art. X, § 24 must comply with the pre-suit notice requirements of Fla. Stat. § 448.110(6). Id.

Here, Count II of Plaintiff's Complaint alleges a violation of Fla. Const. art. X, § 24. Before bringing this claim, Plaintiff must have complied with the pre-suit notice requirements established in the FMWA. Plaintiff does not indicate in her Complaint whether she provided the required pre-suit notice to Defendant. Nor did Plaintiff attach any documents to her Complaint indicating compliance with the notice requirement. Therefore, the Court cannot make a determination that Plaintiff complied with Fla. Stat. § 448.110(6) before she filed the instant claim against Defendant.

Consequently, because Plaintiff has not alleged compliance with the FMWA's pre-suit notice requirement in her Complaint, Plaintiff's minimum wage claim under Fla. Const. art. X, § 24 (Count II) is dismissed with leave to amend in accordance with the above.

Accordingly, it is now

**ORDERED:**

(1) Defendant Laboratory Corporation of America's Motion to Dismiss Count II of Plaintiff's Class and Collective Action Complaint (Doc. #9) is **GRANTED** and Count II of Plaintiff's Complaint is **DISMISSED without prejudice**.

(2) Plaintiff is granted leave to file an Amended Complaint within **FOURTEEN (14) DAYS** of the date of this Order.

**DONE** and **ORDERED** in Fort Myers, Florida this 1st day of March, 2014.

*[signature]*

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record